| | | |
|---|---|---|
| IN RE: | UNITED STATES BANKRUPTCY COURT | |
| | WESTERN DISTRICT OF LOUISIANA | |
| Mitchell Taylor | LAKE CHARLES DIVISION | CASE NO.: 11-20839 |
| Veronica Taylor | | |
| Debtor(s) | | CHAPTER 13 |

## 2nd AMENDED CHAPTER 13 PLAN PRE CONFIRMATION (11-22-11)

**Reasons for Modification**: This plan amends the original plan filed August 19th, 2011. This pleading is a pre-confirmation modification of Debtor(s) Chapter 13 Plan of Repayment filed by the above captioned Debtor(s). The changes to the original plan are indicated in *italics*, and underlined.

        1) Co-Debtor acquired new income. This plan increases amounts to general unsecured creditors.
        2) This plan shortens the term.
        3) Two student loans are added as direct pays.

NUMBER OF MONTHS: *<u>48</u>*
PAYMENT AMOUNT: *<u>$640.00 for 2 months, then $665.00 for 2 months, then $1,030.00 for 10 months, and then $1,130.00 for the remaining 34 months of the 48 month plan.</u>*
FIRST PMT. DUE DATE: September 18, 2011
ADDITIONAL PLEDGES: Debtor(s) shall remit to the Trustee copies of Federal and State tax returns required to be filed for tax years **11, 12, and 13** AND any proceeds received from tax refunds, **excluding EIC**.

### I. DIRECT PAYMENTS

    A. **Calcasieu Parish Tax Collector,** may have a claim for property taxes due. Debtor(s) shall pay this directly "outside" the plan.
    *<u>B. Debtor has a **Perkins Loan (Educational)**. Debtor(s) shall pay this directly "outside" the plan, $100.00 per month (10 months left).</u>*
    *<u>C. Debtor has a **Federal Student Loan (Educational)**. Debtor(s) shall pay this directly "outside" the plan, $350.00 per month (more than 48 months left).</u>*

### II. CLAIMS SATISFIED BY SURRENDER OF COLLATERAL.

    A. **None.**

### III. PAYMENTS DISTRIBUTED BY TRUSTEE
    A. ADMINISTRATIVE CLAIMS
        1. GERALD J. BREAUX requests a fee of **$2,800.00 of which $0.00 has been paid prior to filing, leaving a balance of $2,800.00** to be paid from property of the estate, in monthly payments of **$95.12.** Until the effective date of the plan, unless otherwise specified, additional funds remaining after payment of trustee and adequate protection payments are to be paid to administrative fees., whether caused by delay in payment of mortgage payments or other reasons. Any such fees remaining due after the effective date of the plan will be paid in concurrent with trustee fees, APP, monthly mortgage payments and domestic support payments from total funds available.

    B. POST-PETITION MONTHLY MORTGAGE PAYMENTS
        1. **Home Savings Bank** holds a first mortgage on the debtor's residence. The on-going regular monthly payment of **$453.00** is included in the plan payment. Trustee shall remit monthly on-going regular payments commencing with the **December 2011** payment, continuing through and including *<u>**September, 2015**</u>* (Debtor will resume payments to **Home Savings Bank** in *<u>**October 1st, 2015**</u>*). On-going regular monthly payments shall only be applied to on-going regular monthly payments and shall not be applied to default cure. The mortgage payment *does not include* escrow for property taxes & insurance.

Default cure [pursuant to 1322 (b)(5)] to the following named lienholders shall be paid in installments from funds available for distribution monthly, non-cumulative. Installments shall begin subsequent to payment of the administrative claims listed above and shall be sufficient to pay in full the default upon completion of the plan:

a.) **Home Savings Bank** has a claim for pre-petition default in the amount of **$3,142.82** which will be paid over the term of the plan.
b.) **Home Savings Bank** has a claim for post-petition default in the amount of **$1,359.00 (for September to November, 2011)** which will be paid over the term of the plan.

**Confirmation of the plan shall impose an affirmative duty on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtors to do all of the following:**

(i) To deem the mortgage contractually current as of the filing of this bankruptcy for the purpose of accounting for post-petition payments. Further, payments in accordance with the plan as confirmed will preclude the imposition of late charges or other default related fees, charges or costs based solely on pre-petition default.

(ii) To apply the payments received from the Trustee on the pre-petition default, if any, only to such default. For purposes of this plan, the "pre-petition" default shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this case.

(iii) To apply the "on-going" post-petition monthly mortgage payments paid by the Trustee or by the debtor(s) to the month in which each payment was designated to be made under the plan. The payment shall be applied only to the on-going monthly mortgage payments as designated, and to interest, principal and escrow only. Any post-petition monthly payments that may accrue between filing and the beginning month stated shall be treated as a post-petition default in {subsection III(B)(1)(b)} above. Any additional post-petition charges or assessments, (other than principal, interest, insurance and taxes), including, but not limited to miscellaneous costs, expenses, assessments, or other charges which increase Debtor's liability to the creditor, must be approved by the Court prior to being assessed to, charged to, or otherwise added to Debtor's account.

(iv.) Should there be a adjustment to the monthly note payment amount, the secured creditor must comply with Local Bankruptcy Rule 3002-1. [Failure to time comply with notice requirements, which causes any additional default to accrue may cause the creditor to be sanctioned for its non-compliance in a like amount, thereby making the account current, subject to and contingent upon successful completion of mortgage cure payments and regular monthly mortgage payments under the plan].

(v.) If the debtor(s) pay the cure amount specified in subsection III(B)(1)(a) of the plan, or in such lesser amount as may be established by the creditors' proof of claim, while timely making all required post-petition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the holder to recover any amount alleged to have arisen prior to the filing of petition. At the conclusion of the plan, any remaining indebtedness will continue until paid in full.

C. SECURED CREDITORS RECEIVING 910 DAY "HANGING PARAGRAPH" TREATMENT*
   1. **None.**

D. OTHER SECURED CREDITORS*
   1. **Wells Fargo Auto Finance** has a lien on a **2004 Kia Spectra**, valued hereby at **$918.48**, will be paid that value with **5.25%** interest over **36 months**, receiving AP payments of **$27.63** for months **1-30**, then payments of **$27.64** in months **31-36**. Total amortized payment: **$994.71**.
   2. **Citi Corp** has a lien on a **Furniture**, valued hereby at **$1,000.00**, will be paid that value with **5 %** interest over **36 months**. Total amortized payment: **$1.078.95**.
   3. **HSBC/Best Buy** has a lien on a **TV**, valued hereby at **$300.00**, will be paid that value with **5%** interest over **36 months**. Total amortized payment: **$323.69**.
* Secured creditors' lien shall remain until secured claim is paid, effective upon discharge.

E. PRIORITY CLAIMS
   1. **None.**

F. UNSECURED CLAIMS

1. NONDISCHARGEABLE
   *a. Perkins and Federal Student Loans will be treated above in section (I)(B) and (I)(C).*
2. CO-SIGNED CLAIMS
   b. **None.**
*3. GENERAL UNSECURED CLAIMS, estimated to be $32,527.00 (exclusive of student loans) should receive pro rata share of approximately $16,500.00, an estimated dividend of 50%.*

## IV. GENERAL TERMS:

**(A)** The effective date of this plan shall be six(6) months after **August 19, 2011**, the date of filing of the petition.

**(B)** Title to Debtor(s)' property shall revest in Debtor(s) upon confirmation of a plan pursuant to 11 USC 1327(b) (or upon dismissal after confirmation per 11 USC 1329 or upon closing the case per 11 USC 350).

**(C)** Confirmation of this plan shall be res judicata on the value of secured claims per Sec 506 and 1325, and approval of Debtor(s)' attorney's request for compensation provided such request is within the Court's approved "no-look" parameters. Any amounts in excess of the approved "no-look" shall be separately requested and noticed.

Respectfully Submitted:

Simon, Fitzgerald, Cooke, Reed & Welch, Attorney's at Law
One Lakeshore Dr., Capital One Tower, Suite 1600
Lake Charles, LA 70629
(337) 436-7222- E-mail: jerry@simonfitzgerald.com

By: /s/ Gerald J. Breaux, #20500
ATTORNEY FOR DEBTOR(S)

Date: November 21, 2011